IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS F. MOFFETT           )
            **Plaintiff,**        )
                         )
          **v.**              )     **Case No. 1:25-cv-288**
                         )
**ERIE CITY POLICE,**        )
                         )
            **Defendant.**     )

## MEMORANDUM OPINION

**United States District Judge Susan Paradise Baxter**

Plaintiff Thomas F. Moffett commenced the instant civil action on September 24, 2025 by filing a motion to proceed *in forma pauperis*, ECF No. [1], and attaching to it a complaint directed against the "Erie City Police." Plaintiff's complaint fails to provide any factual detail to elucidate the nature of his claims. It states only that the "police push [sic] me down" and that Plaintiff sustained some type of unspecified injury to his eyes. ECF No. 1-1.

I.     **Review of Plaintiff's Application for Leave to Proceed *in Forma Pauperis***

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis when determining whether to direct service of a complaint in cases where the plaintiff seeks to proceed *in forma pauperis*. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). First, the district court evaluates a litigant's financial status and determines whether he or she is eligible to proceed *in forma pauperis* under § 1915(a); second, the court assesses the complaint under § 1915(e)(2) to determine whether it is frivolous or otherwise subject to *sua sponte* dismissal. *Id.* (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)); *see Brown v. Sage*, 903 F.3d 300, 304 (3d Cir. 2018) (describing two-step process for evaluating a petitioner's motion to proceed *in forma pauperis* on appeal); *Schneller v. Abel Home Care, Inc.*,

389 F. App'x 90, 92 (3d Cir. 2010); *Rogers v. United States*, 248 F. App'x 402, 402-03 (3d Cir. Sept. 21, 2007).

Here, the Plaintiff's motion for leave to proceed *in forma pauperis* will be granted, as it appears that he lacks sufficient funds to pay the required filing and administrative fees in this action. Accordingly, the Clerk will be directed to file his complaint as a separate docket entry.

## II.    Review of Plaintiff's Complaint Under 28 U.S.C. §1915(e)

A. <u>Governing Legal Standards</u>

Pursuant to 28 U.S.C. § 1915(e)(2)(B), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it is based upon an indisputably meritless legal theory and/or contains factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In determining whether a complaint should be dismissed under Section 1915(e)(2)(B)(ii), courts apply the standards that govern motions filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). When reviewing a complaint to determine whether it states a cognizable legal claim, we accept the well-pled factual averments as true and construe all reasonable inference arising from the facts in favor of the complainant. *See Taksir v. Vanguard Grp.*, 903 F.3d 95, 96-97 (3d Cir. 2018). However, the Court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v.*

*McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citations omitted). Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) review, it must contain more than just labels and conclusions or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Here, Plaintiff is proceeding *pro se.* Therefore, his complaint must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini,* 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)); *see also Erickson v. Pardus,* 551 U.S. 89, 94 (2007). But while courts construe *pro se* pleadings liberally, "there are limits to [this] procedural flexibility," and the litigant must still allege sufficient facts to support a valid claim. *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013).

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to §1915, a court must grant the plaintiff leave to amend the complaint, unless further amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 (3d Cir. 2002).

B. Analysis

In this case, the complaint fails to identify any legal theory upon which relief can be granted. Construing the complaint liberally and in the light most favorable to Plaintiff, the Court assumes that Plaintiff may be attempting to assert some form of civil rights claim against city policy officers based on an incident in which Plaintiff was pushed down and sustained a personal injury. For example, Plaintiff may be attempting to assert a Fourth Amendment claim under 42

U.S.C. §1983[1] based on the alleged use of excessive force.  Or Plaintiff may be attempting to

assert a claim under Pennsylvania law for battery.  In either case, the Complaint is too short on

factual content to state a viable cause of action.

Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain (a) a

"short and plain statement of the grounds for the court's jurisdiction," (b) a "short and plain

statement of the claim showing that the pleader is entitled to relief;" and (c) "a demand for the

relief sought . . . ."  Fed. R. Civ. P. 8(a).  None of these requirements have been met in this case.

As noted, the complaint merely states that Plaintiff is suing the City of Erie police, that the police

"push[ed]" Plaintiff "down," and that Plaintiff sustained some type of unspecified injury to his

eyes.  ECF No. 1-1.  But Rule 8 "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Iqbal*, 556 U.S. at 678; *see also Hall v. Pa. State Police*, 570 F.2d 86,

89 (3d Cir. 1978) (a plaintiff's mere assertion that his rights have been violated "without facts

upon which to assess the substantiality of the claim" is insufficient").  Thus, the complaint in its

present form is plainly inadequate and fails to establish any grounds for relief.

To state a viable claim under 42 U.S.C. §1983, Plaintiff must plausibly allege that a

person, while acting under color of state law, violated a right guaranteed to him by the

Constitution or federal law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, Plaintiff has

attempted to sue the "City of Erie Police"; but a municipal police department is merely an arm of

the municipality itself and is not a "person" subject to liability under Section 1983.  *See Martin*

*v. Red Lion Police Dep't,* 146 F. App'x 558, 562 n.3 (3d Cir. 2005) ("[T]he Red Lion Police

---

[1] Section 1983 provides a private right of action as against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.

Department, as the sub-division of defendant Red Lion Borough through which the Red Lion

Borough fulfills its policing functions, was not a proper defendant in an action pursuant to 42

U.S.C. § 1983."); *Lewis v. Keuerleber*, No. 1:25-CV-447, 2025 WL 2809343, at *9 (M.D. Pa.

Sept. 30, 2025) ("[I]t has been repeatedly held that a police department or sheriff's office is not a

'person' for purposes of § 1983 and therefore is not a proper defendant in a § 1983 action.")

(citing authority).

Unlike a local police department, an individual police officer is a "person" who may be

sued under Section 1983. *Taylor v. City of Reading*, No. 22-CV-00437, 2025 WL 2250269, at

*2 (E.D. Pa. Aug. 6, 2025) (noting there was no dispute that the defendants were acting under the

color of state law as uniformed officers of a municipal police department). But to hold an

individual police officer liable for the violation of a federal right, a Section 1983 plaintiff must

allege facts that show the officer's personal involvement in the alleged misconduct. *Rode v.*

*Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see Verticelli v. Commonwealth of Pa. Dep't*

*of Corrs.*, No. 25-CV-1463, 2025 WL 1426082, at *2 (E.D. Pa. May 15, 2025) (noting that a

Section 1983 plaintiff "must allege how each defendant was involved in the events and

occurrences giving rise to the claims"). Personal involvement in an alleged constitutional

violation may be shown if an officer directly engaged in the misconduct, or personally directed

it, or had actual knowledge of the misconduct and acquiesced in it. *Rode*, 845 F.2d at 1207; *see*

*also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

A local municipality such as the City of Erie may also be subject to liability under

Section 1983. However, "[p]laintiffs who seek to impose liability on local governments under

§1983 must prove that action pursuant to official municipal policy caused their injury." *Connick*

*v. Thompson*, 563 U.S. 51, 60–61 (2011) (cleaned up). Municipalities are responsible under

Section 1983 for "decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61; *see Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978) ("a local government" may only be sued under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible" for). To successfully state a §1983 claim for municipal liability, Plaintiff must allege (1) that he "possessed a constitutional right of which [he] was deprived"; (2) "the municipality had a policy or custom"; (3) "the policy or custom 'amounted to deliberate indifference' to the plaintiff's constitutional right"; and (4) "the policy was the 'moving force behind the constitutional violation.'" *Williams v. Del. Cty. Bd. of Prison Inspectors*, No. 17-cv-4348, 2018 WL 3235788 at *4–6 (E.D. Pa. July 2, 2018) (quoting *Vargas v. City of Phila.*, 783 F.3d 962, 974 (3d Cir. 2015)).

Of course, if Plaintiff is suing under Section 1983, he must also plausibly allege the violation of a federal constitutional or statutory right. Here, Plaintiff may be asserting that he was subjected to excessive force in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. U.S. Const. amend IV. "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004) (internal quotation marks and citation omitted). An officer seizes an individual when he restrains the individual's freedom to walk away. *Borden v. Green*, No. 2:23-CV-03654-JDW, 2025 WL 2177810, at *3 (E.D. Pa. July 31, 2025) (*citing Tennessee v. Garner*, 471 U.S. 1, 7 (1985)). If Plaintiff is asserting that excessive force was used against him in the context of a

6

search, arrest, or prolonged detention, he must allege that the force used against him was unreasonable in light of the facts and circumstances at the time the force was used. *Cooke v. Bhalla*, No. CV 24-10842 (MAS), 2025 WL 2886391, at *3 (D.N.J. Oct. 10, 2025) (citing *County of L.A., Cal. v. Mendez*, 581 U.S. 420, 427-28 (2017)).

As previously noted, Plaintiff may also be attempting to state a claim for common law battery. "To state a tort claim for battery under Pennsylvania law, a plaintiff must allege that the defendant engaged in harmful or offensive contact with the plaintiff's body." *Allen v. Pennsylvania Dep't of Corr.*, No. 1:24-CV-1536, 2024 WL 4680669, at *6 (M.D. Pa. Nov. 5, 2024) (citing *C.C.H. v. Philadelphia Phillies, Inc.*, 940 A.2d 336, 340 n.4 (Pa. 2008)). Notably, local employees like police officers are afforded a degree of immunity under Pennsylvania's Political Subdivision Torts Claims Act, 42 Pa. C.S.A. §8541, et seq.; however, that immunity does not apply to tortious actions involving "actual malice or willful misconduct." *See id.* at §8550. By contrast, local agencies such as police departments are not liable for the malicious or willful misconduct of their employees. *See Thompson v. Wagner*, 631 F. Supp. 2d 664, 689 (W.D. Pa. 2008).

In any event, Plaintiff's complaint fails to state a plausible basis for relief under any of the foregoing theories. His pleading does not identify the individual or individuals who allegedly caused him harm, nor does it name them as Defendants. Further, the complaint lacks sufficient detail to support a plausible inference of liability.

When a plaintiff is proceeding *pro se,* the court should not dismiss the complaint without giving the plaintiff an opportunity to amend his claims, unless amendment would be inequitable or futile. *See Grayson,* 293 F.3d at 114. Here, the Court lacks sufficient information to discern whether Plaintiff might be able to state a cognizable basis for relief. Because the Court cannot

7

say that further amendment would be futile, the undersigned will allow Plaintiff an opportunity

to restate his claims with the benefit of more factual information.

### III.    Conclusion

Based upon the foregoing reasons, the Court will grant Plaintiff's motion for leave to

proceed *in forma pauperis*.  The Clerk will be directed to file Plaintiff's complaint of record.

Plaintiff's complaint will be dismissed without prejudice and with leave to further amend his

claims.

An appropriate order follows.


_____
SUSAN PARADISE BAXTER
United States District Judge